UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  vs.<br><br>CALPACIFIC EQUITY GROUP, LLC,<br><br>       Defendant. | Case No. 14-5754 JFW (AGRx) |

**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT CALPACIFIC EQUITY GROUP, LLC**

The Securities and Exchange Commission having filed a Complaint, and Defendant CalPacific Equity Group, LLC ("CalPacific") having entered a general appearance; consented to the Court's jurisdiction over it and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction and except as otherwise provided herein in Section VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**SECTION 10(b) AND RULE 10b-5 OF THE**

1

# SECURITIES EXCHANGE ACT OF 1934

**IT IS HEREBY ORDERED AND ADJUDGED** that CalPacific and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

# SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that CalPacific and its agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

## SECTION 15(a) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that CalPacific and its agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with them, and each of them, are hereby retrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by making use of the mails or any means or

instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered with the Commission.

## IV.

## SECTION 5(a) AND 5(c) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that CalPacific and its agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## V.

## PAYMENT OF DISGORGEMENT, PREJUDGMENT INTEREST AND A CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that CalPacific is liable for disgorgement of $306,013 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest of $10,890.74, and a civil penalty of $306,013 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)]. CalPacific shall satisfy this obligation by paying $622,916.74 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

CalPacific may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. CalPacific may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; CalPacific Equity Group, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

CalPacific shall simultaneously transmit photocopies of evidence of payment and case identifying information to Robert K. Levenson, Miami Regional Office, 801 Brickell Ave., Suite 1800, Miami, FL, 33131, the Commission's counsel in this action. By making this payment, CalPacific relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to CalPacific.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. CalPacific shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; CalPacific Equity Group, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

CalPacific shall simultaneously transmit photocopies of evidence of payment and case identifying information to Robert K. Levenson, Miami Regional Office, 801 Brickell Ave., Suite 1800, Miami, FL, 33131, the Commission's counsel in this action. By making this payment, CalPacific relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to CalPacific.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. CalPacific shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, CalPacific shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on CalPacific's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part CalPacific's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, CalPacific shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this

Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against CalPacific by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

CalPacific shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that CalPacific pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. CalPacific shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that CalPacific pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## VI.
## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by CalPacific, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by CalPacific under this Final Judgment or any other judgment, order,

8

consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by CalPacific of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

### RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** this 25th day of July, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

Copies:
All Counsel of Record

9